## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

JOSHUA R. SAWYER,

       Defendant.

Case No. 17-40060-01-CM

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Joshua R. Sawyer's Motion to Dismiss (Doc. 14). The government charged defendant with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841 and 5861. Defendant now moves to dismiss the charges in the indictment, arguing his prior Kansas burglary conviction does not qualify as a felony and that the National Firearms Act as applied to short-barreled shotguns violates the Second Amendment to the United States Constitution. For the reasons discussed below, the court denies defendant's motion.

### I.    Background

On June 28, 2017 a grand jury returned a two count indictment against defendant, charging him with one count of felon in possession of a firearm and one count of possession of an unregistered firearm. In Count I of the indictment, defendant was charged with possessing a firearm after having previously been convicted of burglary in Shawnee County, Kansas District Court on January 28, 2013. The journal entry of judgment notes that defendant was convicted of burglary of a building not used as a dwelling under K.S.A. § 21-5807(a)—a severity level 7 nonperson felony. Defendant was found to have an "H" criminal history score, which, together with the severity level 7 conviction, placed him in

a "presumptive probation" gridbox on the Kansas Sentencing Grid for Nondrug Offenses with a sentencing range of 12 – 14 months.[7]



Defendant was ultimately sentenced to a 12-month suspended prison sentence and was granted a 24-month probation term.

**II.    Analysis**

a.    Count I – Felon in Possession of a Firearm

Defendant argues that Count I of the indictment should be dismissed because he does not have a qualifying felony in his record. He claims his prior burglary conviction is not a felony because he fell within the presumptive probation range on the Kansas Sentencings Guidelines Grid and ultimately was given a probation term. Therefore, he was not convicted of a crime punishable by imprisonment for a term exceeding one year.

Defendant was charged in Count I under 18 U.S.C. § 922(g), which makes it unlawful for any person:

> who has been convicted in any court of, *a crime punishable by imprisonment for a term exceeding one year* . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

(emphasis added).  The Tenth Circuit has found that when determining whether a state offense was punishable by a certain amount of imprisonment, "the maximum amount of prison time a *particular* defendant could have received controls, rather than the amount of time the worst imaginable recidivist could have received."  *United States v. Brooks*, 751 F.3d 1204, 1213 (10th Cir. 2014).  In *Brooks*, the Tenth Circuit overruled its prior decision in *United States v. Hill*, 539 F.3d 1213 (10th Cir. 2008), in which the court held that it must look to the hypothetical worst possible offender to determine whether a state offense was punishable by more than a year in prison.  *Brooks*, 751 F.3d at 1213.  The decision to overrule *Hill* was based on the United States Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), in which the Court rejected the "hypothetical worst recidivist" approach.  In *Carachuri-Rosendo*, the Court found that simply because the defendant *could* have been subject to a sentence enhancement for a conviction which would have qualified him for deportation, the state did not seek the enhancement and, therefore, the defendant's conviction did not qualify.  560  U.S. at 582 ("The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony before he loses the opportunity to seek cancellation of removal.'").

The Tenth Circuit extended its *Brooks* rationale in *United States v. Romero-Leon*, 622 F. App'x 712, 718 (10th Cir. 2015), finding that a defendant's prior conviction was not a "serious drug offense"

for purposes of the Armed Career Criminal Act because the prosecution had not sought a sentence enhancement which would have subject the defendant to more than ten years in prison. ("[T]he prosecution was apparently required to file a pleading giving Romero-Leon notice of potential aggravating factors . . . . That did not happen here, thus we cannot say Romero-Leon faced more than a nine-year sentence in 1999. So, under *Brooks*, Romero-Leon's 1999 drug crimes should not have triggered enhancement under the ACCA." (citation omitted)).

Here, as mentioned above, defendant's Kansas burglary conviction placed him in a presumptive probation gridbox with a sentencing range of 12-14 months. Under the Kansas sentencing guidelines, the grid for nondrug crimes "defines presumptive punishments for felony convictions, subject to the sentencing court's discretion to enter a departure sentence." K.S.A. § 21-6804(d). The sentencing court has discretion to sentence a defendant "at any place within the sentencing range." K.S.A. § 21-6804(e)(1). And a sentencing court is not required to making findings of fact on the record before sentencing a defendant to any number that falls within the presumptive gridbox. *See State v. Johnson*, 190 P.3d 207, 225 (Kan. 2008).

For defendants who fall in a presumptive probation gridbox, the "presumptive disposition shall be nonimprisonment" and the sentencing court must pronounce both a prison sentence and the duration of the nonprison sanction at sentencing. K.S.A. § 21-6804(g); (e)(3). And while a sentencing court is directed to impose the presumptive sentence and disposition as set forth by the grid, the court retains the discretion to depart from the presumptive sentence. *See* K.S.A. § 21-6815(a) ("[T]he sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence."). In order to depart from the presumptive sentence, a court must "state on the record at the time of sentencing the substantial and compelling reasons for the departure." *Id.*

In the present case, because defendant fell within a presumptive probation box on the grid with a 12-14 month sentencing range, the sentencing court was required to 1) sentence defendant to either 12, 13, or 14 months in prison, and 2) pronounce the duration of his nonprison sanction. Defendant was sentenced to 12 months in prison, which was suspended pending successful completion of a 24-month probation term.

Defendant now argues that his burglary conviction is not a crime punishable by imprisonment for a term exceeding one year under 18 U.S.C. § 922(g). He claims that because he fell within a presumptive probation gridbox, he legally could not have faced more than 12 months in prison because the sentencing court was required to impose a nonprison sanction. Because the court did not articulate any reasons on the record to justify an upward dispositional departure to prison, any finding that he faced more than 12 months in prison for his burglary conviction would invoke the "hypothetical worst recidivist" approach rejected by the United States Supreme Court and the Tenth Circuit because it was only hypothetical that defendant may have served time in prison.

Our court has addressed the issue as to whether a presumptive probation disposition conviction qualifies as a felony under 18 U.S.C. § 922(g). In *United States v. Wattree*, 544 F. Supp. 2d 1261, 1270 (D. Kan. 2008), the defendant moved to dismiss a felon in possession of a firearm charge, arguing that his prior Kansas burglary conviction was not a predicate felony because he was presumptive probation and therefore could not have faced more than 12 months in prison. The court rejected the defendant's argument finding that "the presumptive durational sentencing range and not the presumptive disposition is determinative of whether a crime is punishable by more than a year." *Id.* In support of its finding, the court noted that the sentencing judge always had the discretion to depart on dispositional presumptions and therefore the question turned on the maximum presumptive durational sentence. *Id.* at 1272. The court based its rationale on a Kansas Supreme Court case, *State*

*v. Carr*, 53 P.3d 843, 850 (2002), in which the court found that a sentencing court could impose an upward dispositional departure without first satisfying the standards set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).    Therefore, because a court had the discretion to depart from a presumptive disposition without first submitting facts to a jury, the "disposition itself does not affect the maximum sentence exposure of a particular defendant."  *Wattree*, 544 F. Supp. 2d at 1272.

Here, building on the rationale from *Wattree*, this court finds it is the durational sentencing range that is determinative of whether a conviction may count as a predicate felony under § 922(g) because probation, under Kansas law, is not a sentence.  Kansas defines probation as "*a procedure* under which a defendant, convicted of a crime, is released by the court after imposition of sentence, without imprisonment except as provided in felony cases, subject to conditions imposed by the court and subject to the supervision of the probation service of the court of community corrections."  K.S.A. § 21-6603(g) (emphasis added).  The Kansas Supreme Court has found that a person on probation is not serving a sentence and that "probation is separate and distinct from the sentence."  *Carr*, 53 P.3d at 850.  Probation is a disposition "alternate to the serving of a sentence" and it does not increase or decrease the "sentence required to be imposed by statute."  *Id.; see also State v. Snook*, 571 P.2d 78, 80 (Kan. Ct. App. 1977) ("As the Kansas Supreme Court has indicated, however, probation represents a grace period during which the defendant has the opportunity to demonstrate that rehabilitation can be achieved without incarceration.").

So although defendant was granted a term of probation, probation was not his sentence.  The court was required by law to give defendant both a prison sentence and to order a nonprison sanction. K.S.A. § 21-6804(e)(3).  And defendant did receive a 12-month prison sentence that was *suspended* pending successful completion of the terms of probation.  Probation was merely a "grace period" mandated by the sentencing guidelines to give defendant a chance to avoid serving his prison sentence.

Regardless of whether defendant ever had to serve that prison term, he was still convicted of a crime that was punishable by imprisonment for a term exceeding one year. Nothing in the definition of a felony requires the defendant actually *serve* the term of imprisonment; only that the crime is punishable by a term of imprisonment exceeding one year.

The court acknowledges that defendant was sentenced to the low number in the grid box—12 months. Defendant, however, faced the possibility of 12, 13, or 14 months imprisonment based on the presumptive range in his grid box. As mentioned above, a sentencing court has the discretion to sentence a defendant to "any term within the presumptive grid block, as determined by the conviction and the defendant's criminal history." *Johnson*, 190 P.3d at 225; *see also* K.S.A. § 21-6804(e)(1) ("The sentencing court has discretion to sentence at any place within the sentencing range."). Therefore, the maximum term of imprisonment defendant *could have* faced was 14 months, well over the felony requirement.

Probation is not a sentence, but a procedure granted as an alternative to prison pending successful completion of all probationary conditions. The court finds that regardless of the fact that the sentencing court was required to grant defendant a term of probation for his burglary conviction, the sentencing court still had the discretion to sentence defendant to a maximum 14-month suspended prison term. Because defendant could have been sentenced to more than 12 months imprisonment—suspended or not—his Kansas burglary conviction qualifies as a felony under § 922(g).

      b. Count II – Possession of an Unregistered Firearm

Defendant was charged with possessing a firearm, specifically a "twenty-gauge shotgun . . . with a barrel measuring less than eighteen inches long" not registered to him in the National Firearms Registration and Transfer Records in violation of 26 U.S.C. § 5841, § 5861(d). The National Firearms Act ("NFA") imposes a tax and licensing requirement on certain statutorily defined firearms, including

shotguns "having a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a). Defendant argues Count II of the indictment, which charges him with possessing one of these firearms without the proper registration, should be dismissed because it violates the Second Amendment.

The Second Amendment states that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend II. In *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008), the United States Supreme Court held that the Second Amendment "conferred an individual right to keep and bear arms." The central component to the Second Amendment, according to the Court, is the right of law-abiding citizens to keep and bear arms for self-defense. *See McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 767 (2010). This right, however, is not unlimited and does not confer a right to "keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 554 U.S. at 626. In fact, the Court noted that its decision was not intended to "cast doubt on . . . laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 627.

The Court has upheld the NFA's registration and taxation requirements, specifically in relation to short-barreled shotguns. *See United States v. Miller*, 307 U.S. 174, 178 (1939). In *Miller*, the Court found that the Second Amendment protected the right to bear arms "of the kind in common use at the time." *Id*. at 179. Because there was no evidence that the possession or use of a short-barreled shotgun "has some reasonable relationship to the preservation or efficiency of a well-regulated militia," the Second Amendment did not guarantee the right to bear such weapons. *Id.* at 178. Almost 70 years after deciding *Miller*, the Court reaffirmed its reasoning finding, "[w]e also recognize another important limitation on the right to keep and carry arms. *Miller* said, as we have explained, that the sorts of weapons protected were those 'in common use at the time.' We think that limitation is fairly supported by the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'" *Heller*, 554 U.S. at 627 (internal citations omitted.) Importantly in *Heller*, the Court noted "[w]e

-8-

therefore read *Miller* to say only that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, *such as short-barreled shotguns*." *Id.* at 265 (emphasis added.)

Our court has also addressed the issue of whether the NFA, as applied to short-barreled rifles, violated the Second Amendment.  *See United States v. Cox*, 235 F. Supp. 3d 1221 (D. Kan. 2017). Citing *Miller* and *Heller*, the court found that short-barreled rifles fall outside the scope of the Second Amendment because "no suggestion or showing is made that short-barreled rifles have been in common use by law-abiding citizens for lawful purposes." *Id.* at 1227.

Here, defendant claims that the tax and registration requirements on short-barreled shotguns violate the Second Amendment because, unlike in 1939 when *Miller* was decided, short-barreled firearms are now typically possessed by law-abiding citizens, are commonly used, and are far less associated with violent crime than other firearms.  Defendant cites a number of cases to demonstrate how short-barreled firearms can be used in legal ways.  *See, e.g.*, *United States v. Buffalo*, 10 F.3d 575, 576 (8th Cir. 1993) (defendant used short-barreled rifle to "shoot skunks, weasels, and racooons that killed his chickens"); *United States v. Hammond*, No. 90-30333, 1991 WL 103450, at *1 (9th Cir. 1991) (defendant used a sawed-off shotgun for hunting and had used it to kill a number of grouse for eating).  Defendant also cites various publications that claim short-barreled firearms are not commonly used in violent crime.  Defendant argues that in light of modern realities, the regulations on short-barreled rifles now violate the Second Amendment.

In response, the government cites various cases to support its argument that the regulations on short-barreled firearms are still a reasonable limitation on the Second Amendment.  The government notes that the Tenth Circuit has also followed *Heller* in finding short-barreled shotguns are outside the scope of the Second Amendment.  *See United States v. Artez*, 290 F. App'x. 203, 208 (10th Cir. 2008)

("Regardless, the Supreme Court in *Heller* explicitly stated that 'the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns.'").

The court finds that it has insufficient evidence to determine whether short-barreled firearms may now fall under the scope of the Second Amendment. And the court is unpersuaded it should depart from both Tenth Circuit and United States Supreme Court precedent absent convincing evidence that short-barreled firearms are now considered "in common use" to warrant Second Amendment protections. For these reasons, defendant's motion to dismiss Count II is denied.

**IT IS THEREFORE ORDERED** that defendant Joshua R. Sawyer's Motion to Dismiss (Doc. 14) is denied.

Dated January 25, 2018, at Kansas City, Kansas.


s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**